**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4066**

───────────

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

JEROME HENRY,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (4:11-cr-00416-TLW-7)

───────────

Submitted: October 16, 2012      Decided: November 2, 2012

───────────

Before MOTZ, WYNN, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Bobby G. Frederick, FREDERICK LAW OFFICE, Myrtle Beach, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Henry pled guilty in accordance with a written plea agreement to conspiracy to distribute five kilograms or more of cocaine, 280 grams or more of cocaine base, fifty kilograms or more of marijuana, and a quantity of methamphetamine, in violation of 21 U.S.C. § 846 (2006). He was sentenced to 188 months in prison. Henry now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), claiming that the sentence is unreasonable but concluding that there are no meritorious issues for appeal. Henry has filed a pro se supplemental brief raising additional issues. We affirm.

I

Counsel questions whether the sentence is reasonable. According to the presentence investigation report (PSR), Henry was responsible for 1583.91 grams of crack and 28.35 grams of powder cocaine, for a base offense level of 34. Two levels were added for possession of a firearm, two levels were added for role in the offense, and three levels were subtracted for acceptance of responsibility. See U.S. Sentencing Guidelines Manual §§ 2D1.1(a)(5)(c)(3), 2D1.1(b)(1), 3B1.1(c), 3E1.1 (2010). Henry's total offense level was 35. He was in criminal

history category IV. Henry's Guidelines range was 235-293 months.

At sentencing, the Government informed the court that it had agreed to withdraw the firearm enhancement. There were no objections to the PSR. With the firearm adjustment, Henry's offense level was 33, and his Guidelines range was 188-235 months. The court heard arguments from counsel and Henry's allocution. Two of Henry's family members spoke. The court then sentenced Henry to 188 months in prison. In imposing sentence, the court stated that it had considered the 18 U.S.C. § 3553(a) (2006) sentencing factors. The court commented that Henry had not served any significant time for past offenses. While he had a criminal record, he did not have any prior drug convictions, and his overall record was not as significant as the records of many defendants. The court stated that Henry had shown no respect for the law. Further, Henry was on probation when he committed the instant offense. The court concluded that a sentence at the low end of Henry's Guidelines range was appropriate.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. We first determine whether the district court correctly

3

calculated the defendant's advisory Guidelines range, considered the applicable § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). With respect to the explanation of the sentence, the court "must place on the record an individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of procedural error, we then review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 576. This review requires us to consider the totality of the circumstances and to decide "whether the sentence was reasonable — i.e., whether the [d]istrict [j]udge abused his discretion in determining that the § 3553(a) factors supported" the selected sentence. Gall, 552 U.S. at 56.

We conclude that the district court did not abuse its discretion in imposing the 188-month sentence. The court fully complied with the required procedures, properly calculating the Guidelines range,[*] considering the arguments presented, providing

---

[*] We reject Henry's claims in his pro se brief, all of which he raises for the first time on appeal and which, accordingly, are subject to plain error review. See United States v. Olano, 507 U.S. 725, 732-37 (1993). First, Henry is factually incorrect when he claims that the PSR reflected that he had only six criminal history points: the PSR assessed six points for various convictions and two points because the instant offense (Continued)

4

an individualized assessment, and taking into account the § 3553(a) factors. The sentence, which falls within the Guidelines range, is presumptively reasonable, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008), and Henry did not rebut this presumption.

II

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Henry, in writing, of the right to petition the Supreme Court of the United States for further review. If Henry requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for

---

was committed while Henry was on probation. Second, the PSR states that David McFarlin and Rodney McNeil sold crack cocaine for Henry, and Charles Jones was a runner for Henry in the drug business. There was no objection to these statements. We conclude that Henry's offense level was properly enhanced by two levels based on his role in the offense.

Finally, Henry complains that the PSR in his possession does not show that the firearm enhancement was withdrawn. It is unclear from the record before us whether the copy of the PSR that was submitted to the Bureau of Prisons reflects withdrawal of the enhancement. Further, Henry does not assert that he has been prejudiced by the claimed omission. While we reject his conclusory claim, Henry might present his concern to the district court for consideration.

leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Henry.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED